D. SCOTT CHANG #146403
AZADEH HOSSEINIAN #306141
HOUSING RIGHTS CENTER
3255 Wilshire Boulevard, Suite 1150
Los Angeles, CA  90010
Tel.:  (213) 387-8400 x1116
Fax:  (213) 381-8555
schang@housingrightscenter.org

Attorneys for Plaintiffs
HOUSING RIGHTS CENTER and
CANDELARIA LOPEZ

## IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SOUTHERN CALIFORNIA HOUSING RIGHTS CENTER, INC., d/b/a HOUSING RIGHTS CENTER, a California nonprofit corporation; and CANDELARIA LOPEZ, an individual,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>VILLA CAPRICE, L.P., a California limited partnership, THOMAS MARTIN, an individual,<br><br>　　　　　Defendant(s). | Case No.:<br><br>COMPLAINT FOR INJUNCTIVE, DECLARATORY AND MONETARY RELIEF |

## I.　　INTRODUCTION

1.　　Southern California Housing Rights Center ("Housing Rights Center"), an organization dedicated to ensuring equal opportunity in housing, and Candelaria Lopez bring this action against Defendants Villa Caprice LLP and Thomas Martin for injunctive, declaratory and monetary relief for discriminating in violation of the Fair Housing Act, 42 U.S.C. § 3601 et seq. and the California Fair Employment &

1  Housing Act, Cal. Gov't Code § 12927 et seq.  Plaintiff Candelaria Lopez also brings

2  claims for discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C.

3  § 1981 and the California Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq and

4  alleges a claim for negligence.

5       2.     Defendants engaged in a concerted and unlawful effort to evict Plaintiff

6  Candelaria Lopez and her two sons, ages 14 and 4, from Villa Caprice Apartments

7  because of national origin, race, alienage, ancestry and/or perceived immigration

8  status.  Ms. Lopez and her family have lived at Villa Caprice Apartments for nine

9  years, paid their rent on time and have been tenants in good standing.  Defendants

10  nevertheless attempted to evict Ms. Lopez and her family under the ruse that they

11  required her family to have a valid Social Security number.   Defendants have made

12  their true and discriminatory intent behind the attempted eviction clear.  Defendant

13  Thomas Martin, the resident manager of Villa Caprice Apartments, told other tenants

14  that "there are too many Mexican children" and he did not "like illegals." Defendants

15  also attempted to force another Latina tenant to move from Villa Caprice Apartments

16  because she lacked a valid Social Security number.

17       3.     Defendants have no legitimate reason to require that Ms. Lopez and her

18  family have a valid Social Security number since Defendants already qualified Ms.

19  Lopez and her family for tenancy and they have been tenants in good standing for

20  nine years.  Because Ms. Lopez and her family do not have a valid Social Security

21  number, Defendants perceived them to be undocumented and/or treated the lack of a

22  Social Security number as a proxy for perceived undocumented status.

23       4.      Defendants also discriminated against Ms. Lopez's family and other

24  families with children at Villa Caprice Apartments based on their familial status.

25  Defendants adopted and enforced facially discriminatory rules imposing a curfew

26  prohibiting all children under the age of 18 from being in the common areas outside

27  their own homes after 10 p.m. and requiring that children age 14 and under be

28  supervised at all time in the common areas of Villa Caprice Apartments.

COMPLAINT FOR INJUNCTIVE, DELARATORY AND
MONETARY RELIEF

5.      In addition to facially discriminatory rules, Defendants adopted and implemented an overly restrictive occupancy limitation which limits the number of residents in each two-bedroom apartment at Villa Caprice Apartments to no more than four persons.  The effect of Defendants' occupancy limitation is to discriminate based on familial status.

6.      Housing Rights Center, a non-profit community fair housing organization, received a complaint from Ms. Lopez and conducted an extensive investigation of discrimination based on national origin, familial status, race, alienage, ancestry and perceived immigration status.  Defendants' unlawful discrimination frustrated and directly conflicts with Housing Rights Center's mission to promote equal housing opportunity and forced it to divert its scarce resources from its other programs and activities such as education and outreach, landlord-tenant counseling and fair housing counseling to efforts to identify and counteract Defendants' discriminatory housing practices.  Housing Rights Center has limited resources and the time and resources it spent to identify and counteract Defendants' practices meant that it had less time and fewer resources to devote to its usual education, counseling, investigation and capacity-building activities.

## II.      JURISDICTION AND VENUE

7.      This court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because the claims alleged herein constitute discriminatory practices under the Fair Housing Act, 42 U.S.C. 3601 et seq. and the Civil Rights Act of 1866, 42 U.S.C. § 1981.  The court has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because Plaintiffs' federal and state law claims are related, arise out of a common nucleus of related facts and form the same case and controversy as the federal law claims.

8.      This court has authority to grant declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the Fair Housing Act, 42 U.S.C. § 3613(c).

COMPLAINT FOR INJUNCTIVE, DELARATORY AND MONETARY RELIEF

1    9.    Venue is proper in this district under 28 U.S.C. § 1391(b)(1) & (2)

2  because Defendants reside in this district and all events giving rise to this complaint

3  occurred in this district.

4                               III.    <u>PARTIES</u>

5    10.    Plaintiff Candelaria Lopez has been a resident of Villa Caprice

6  Apartments for nine years since approximately 2008.  She lives at Villa Caprice

7  Apartments in a two-bedroom apartment with her two minor sons, ages 14 and 4, and

8  her former partner.  She is Latina.  Because she and her family lack a valid Social

9  Security number, Defendants perceived Ms. Lopez to be undocumented and treated

10  her family's lack of a Social Security number as a proxy for perceived undocumented

11  status.

12    11.    Plaintiff Housing Rights Center is a private, nonprofit organization

13  formed under the laws of the State of California with its principal place of business at

14  3255 Wilshire Boulevard, Suite 1150, Los Angeles, California 90010.  Its mission is

15  to actively support and promote fair housing through education, advocacy and

16  enforcement.  Housing Rights Center works to identify barriers to fair housing in,

17  among other places, Los Angeles County, Ventura County and the City of Camarillo,

18  and seeks to counteract and eliminate discriminatory housing practices.  It is engaged

19  in several different activities to further its mission of promoting equal housing

20  opportunities, including: an outreach and education program for landlords, tenants,

21  nonprofit organizations and governments regarding fair housing; training and

22  certification programs for housing industry professionals; tenant and landlord

23  counseling regarding rights and responsibilities under state and local housing laws;

24  fair housing counseling regarding rights and responsibilities under federal and state

25  fair housing laws; research regarding housing discrimination in the community; and

26  investigation of housing discrimination complaints including fact-finding

27  investigations, mediation, conciliation, and referrals to federal and local

28  administrative agencies.

COMPLAINT FOR INJUNCTIVE, DELARATORY AND
                                                              MONETARY RELIEF

12.     Defendant Villa Caprice, L.P. owns and operates Villa Caprice Apartments, a multifamily residential property containing 82 two-bedroom apartments, located at 2600 E. Ponderosa Drive, Camarillo, CA 93010.  Villa Caprice, L.P. has its principal place of business in Woodland Hills, California in Los Angeles County.  The apartments at Villa Caprice Apartments and associated public and common areas are "dwellings" within the meaning of the Fair Housing Act, 42 U.S.C. § 3602(b).  At all times relevant, Villa Caprice, L.P., through its principals, has been responsible for the overall management and operation of Villa Caprice Apartments, including the hiring and supervising of employees who work at Villa Caprice Apartments.

13.     Starting in May 2016 and continuing to the present, Defendant Thomas Martin has been the on-site manager of Villa Caprice Apartments.  As resident manager, he has been responsible for the day-to-day management of Villa Caprice Apartments, including issuance of notices and termination of tenancies and the enforcement of rules governing tenancy at Villa Caprice Apartments.   Mr. Martin is a resident of Ventura County, California.  At all times relevant, Mr. Martin was an agent, employee or contractor of Villa Caprice, L.P.

14.     Each of the defendants was the agent, employee and representative of each of the other defendants; each defendant, in doing the acts or in omitting to act as alleged in this complaint, was acting within the course and scope of his or her actual or apparent authority pursuant to such agency; or the alleged acts or omissions of each defendant as agent were subsequently ratified and adopted by each other agent as principal.

## IV.   FACTS

NATIONAL ORIGIN, RACE, ALIENAGE AND IMMIGRATION STATUS
DISCRIMINATOIN

15.     Plaintiff Candelaria Lopez has lived at Villa Caprice Apartments for approximately nine years. Ms. Lopez is a Latina woman who lives with her 14-year-old and four-year-old sons, and her children's father, Eligio Duran Nunez.

COMPLAINT FOR INJUNCTIVE, DELARATORY AND
MONETARY RELIEF

16. During the time they have lived at Villa Caprice Apartments, Ms. Lopez and her family developed close ties to the Camarillo community. Ms. Lopez has developed friendships with other tenants at Villa Caprice Apartments and her home at Villa Caprice Apartments is conveniently located for Ms. Lopez to commute to her job. Ms. Lopez's 14-year-old son has lived at Villa Caprice Apartments since the age of six and has attended local Camarillo schools. He is in the ninth grade at Adolfo Camarillo High School. Villa Caprice Apartments is the only home that Ms. Lopez's four-year-old son has ever known. If Ms. Lopez and her children are forced to leave their home, it will be difficult for them to find comparable housing in Camarillo and they might be forced to move from the City of Camarillo altogether.

17. Ms. Lopez is a tenant and lawful occupant of Villa Caprice Apartments. Defendants, including the current on-site manager Defendant Thomas Martin, have accepted rent payments from Ms. Lopez on a regular basis and prior to Mr. Martin's tenure, Ms. Lopez executed lease renewal documents on an annual basis.

18. In May 2016, Mr. Martin became the on-site manager at Villa Caprice Apartments.

19. On May 12, 2017, Mr. Martin sent Mr. Nunez a handwritten note requesting a meeting. On May 15, 2017, both Ms. Lopez and Mr. Nunez met with Mr. Martin. Mr. Martin told them that the Social Security number Mr. Nunez had provided on the original lease agreement executed nine years ago was invalid and that he was a "criminal" for providing an invalid Social Security number. Mr. Martin then told Mr. Nunez that he would have 30 days to either provide a valid Social Security number or his family would have to vacate the subject property. Mr. Martin also wanted Mr. Nunez to sign an agreement stating that he would vacate Villa Caprice Apartments within 30 days if he did not provide a valid Social Security number, but Mr. Nunez refused to sign.

20. Because Ms. Lopez and her family did not have a valid Social Security number, Defendants perceived Ms. Lopez and Mr. Nunez to be undocumented.

COMPLAINT FOR INJUNCTIVE, DELARATORY AND MONETARY RELIEF

1    Defendants treat the lack of a valid Social Security Number as a proxy for
2    immigration status.

3        21.    On May 18, 2017, Ms. Lopez approached Mr. Martin and requested an
4    extension of time to move out until the end of their current lease period on August
5    31, 2017. Mr. Martin granted this extension.

6        22.    On May 19, 2017, Mr. Martin sent Mr. Nunez a handwritten note
7    confirming that Ms. Lopez and her family must leave Villa Caprice Apartments on or
8    before August 31, 2017. On July 3, 2017, Mr. Martin served Mr. Nunez and Ms.
9    Lopez with a formal 60-day notice to quit on or before September 1, 2017.

10       23.    Ms. Lopez has attempted to discuss the notices with Mr. Martin, but he
11   refuses to discuss the matter with Ms. Lopez.

12       24.    Sometime in late-May 2017, Ms. Lopez called Defendants' agent Debra
13   Raznick who confirmed that she was aware that Mr. Martin was reviewing tenants'
14   Social Security numbers.

15       25.    Defendants have no legitimate reason for requiring that the Lopez family
16   have a valid Social Security number after living at Villa Caprice Apartments for nine
17   years.  Defendants screened Ms. Lopez and Mr. Nunez for tenancy nine years ago.
18   Ms. Lopez and her family have been reliable tenants in good standing. They have
19   made timely rent payments and prior to receiving the 60-day notice to quit, they have
20   complied with all other notices.

21       26.    On various occasions since 2016, Mr. Martin made statements indicating
22   that he did not want Latinos, undocumented immigrants and/or families with children
23   residing at Villa Caprice Apartments.

24       27.    A Latino tenant stated that when he approached Mr. Martin in August
25   2016 about amending the lease agreement to include him as an occupant, the manager
26   initially responded that he would not add him to the lease because the tenant "[did
27   not] have papers" and he "[does not] like illegals" or words to that effect.

28

COMPLAINT FOR INJUNCTIVE, DELARATORY AND
MONETARY RELIEF

28.     Another tenant stated that Mr. Martin told him that there are "too many Mexican kids living here and a lot of them are scumbags" or words to that effect.

29.     Mr. Martin asked another long-standing Latina tenant to provide a valid Social Security number or move from Villa Caprice Apartments.  On information and belief, no non-Latino households were asked to leave Villa Caprice Apartments because they did not have a valid Social Security number.

FAMILIAL STATUS DISCRIMINATION

Facially Discriminatory Rules and Regulations

30.     Starting in 2016, Mr. Martin began enforcing rules limiting children from playing outside.

31.     After Mr. Martin became manager, Ms. Lopez's two minor sons stopped playing outside due to their fear that the manager would take adverse action against them.

32.     The Villa Caprice Apartments Rules and Regulations, which are an addendum to tenants' lease agreements, include rules that discriminate on their face against families with children.  For example, paragraph 25 provides that "[a]ll children 14 years of age and under cannot be left unattended at any time in the common areas . . . ."  Tenants at Villa Caprice Apartments are required to initial the Rules and Regulations.

33.     Starting on July 1, 2017, Mr. Martin issued a notice to Villa Caprice Apartments tenants establishing a 10 p.m. curfew for all children under the age of 18.  The notice stated that violators of the curfew policy would be warned one-time only and if that violator violates the curfew a second time, Villa Caprice Apartments reserves the right to terminate the Lease Agreement.

Overly Restrictive Occupancy Limitations

34.     Villa Caprice Apartments Rules and Regulations also contain a provision prohibiting more than four persons from residing in two-bedroom apartments at Villa Caprice Apartments.  Paragraph 4 of the Villa Caprice Rules and

COMPLAINT FOR INJUNCTIVE, DELARATORY AND MONETARY RELIEF

1   Regulations state that "[o]ccupancy of any apartment will be limited to four (4)

2   persons, regardless of the age of the occupant."  Defendants continue to adhere to and

3   enforce the occupancy limits set forth in the Rules and Regulations.  Defendants'

4   occupancy limitation excludes five-person families with children from residing at

5   Villa Caprice.

6       35.    Defendants occupancy limitation for two-bedroom apartments is more

7   restrictive than the industry standard in California of two persons per bedroom plus

8   one additional person and more restrictive than the number of persons allowed under

9   the California Uniform Housing Code.

10      36.    Two-bedroom apartments at Villa Caprice Apartments are

11  approximately 1,050 square feet.

12      37.    Based on 2016 American Community Survey data, there were a total of

13  2,251 five-person households in Camarillo.  98.4% of five-person households in

14  Camarillo were "family" households.  A "family household" is defined as household

15  of two people or more related by birth, marriage, or adoption and residing together.

16  On information and belief, a large percentage of five-person family households

17  include minor children.

18      38.    Defendants' adoption, maintenance, ratification and, directly or through

19  its agents including Mr. Martin, enforcement of the occupancy limits has resulted in,

20  and continue to result in, a discriminatory effect based on familial status.

21                      HOUSING RIGHT CENTER'S INVESTIGATION

22      39.    On or around June 2017, Ms. Lopez telephoned Housing Rights Center,

23  complaining that Mr. Martin was attempting to evict her family if they did not

24  provide a valid Social Security number. As a result of Ms. Lopez's complaint,

25  Housing Rights Center conducted an investigation to identify whether discrimination

26  was occurring at Villa Caprice Apartments.  Housing Rights Center's investigation

27  included conducting fair housing testing and interviews with tenants at Villa Caprice

28  Apartments.

1   40.     As part of its investigation, Housing Rights Center conducted surveys of

2   tenants at Villa Caprice Apartments on August 20, 2017 and August 26, 2017.

3   During the surveys, trained Housing Rights Center surveyors walked door to door to

4   speak with residents and ask them a set of pre-prepared questions regarding treatment

5   of Latino tenants and tenants with children at the subject property.  The surveys led to

6   evidence substantiating the allegations of discrimination as described above.

7   41.     Housing Rights Center also responded to Ms. Lopez's complaint by

8   conducting fair housing testing.

9   42.     On August 31, 2017 at 11:10 a.m., a white Housing Rights Center

10  Counselor telephoned Villa Caprice Apartments and spoke with Mr. Martin to inquire

11  about the availability of apartments for rent.  Mr. Martin told the Housing Rights

12  Counselor that there was one apartment available for immediate move-in.  Mr. Martin

13  mentioned that they were holding the apartment for two separate prospective tenants

14  but both prospective tenants cancelled.

15  43.      On August 31, 2017, at approximately 2:50 p.m., a Latina tester with a

16  heavy Latina accent, telephoned Villa Caprice Apartments and spoke with manager

17  Thomas Martin to inquire about renting a two-bedroom apartment.  Mr. Martin told

18  the Latina tester that a two-bedroom apartment was available but that he had received

19  applications for the available unit.

20  44.     Approximately one hour later at 3:47 p.m., a white tester with no accent

21  telephoned Villa Caprice Apartments and spoke with Mr. Martin to inquire about

22  renting a two-bedroom apartment.  Mr. Martin said that a two-bedroom apartment

23  was available.  Even though Mr. Martin told the Latina tester with a heavy Latina

24  accent that he had received applications for the apartment, he did not tell the white

25  tester that he had received any applications.

26  IV.  INJURIES

27  45.     Defendants' housing practices have injured Plaintiff Housing Rights

28  Center by: (a) undermining its education, counseling, and training programs designed to

- 10 -     COMPLAINT FOR INJUNCTIVE, DELARATORY AND
MONETARY RELIEF

1   promote fair housing; (b) requiring it to divert scarce resources away from its usual

2   activities and instead to devote substantial time to activities to identify and counteract

3   Defendants' discrimination; (c) frustrating its mission of increasing fair and equal

4   access to housing; (d) frustrating its mission to eliminate racial segregation in the

5   communities it serves; and (e) harming the community that it serves.

6        46.    By requiring Housing Rights Center to expend substantial time and

7   resources identifying and counteracting Defendants' unlawful conduct, Defendants

8   have harmed Housing Rights Center by forcing it to divert scarce resources away from

9   its usual education, training, counseling and capacity-building programs and activities

10  to programs and activities to identify and counteract Defendants' discriminatory

11  housing practices, including an investigation involving fair housing testing and tenant

12  interviews.  Because Housing Rights Center has limited resources, the time and

13  resources it spent to identify and counteract Defendants' practices meant that it had

14  fewer resources to devote to its usual education, training, counseling and capacity-

15  building activities.  Since Defendants' discriminatory practices continue, addressing and

16  counteracting Defendants' discriminatory conduct will continue to require a diversion

17  of resources by Housing Rights Center away from its usual programs and activities.

18       47.    Because of the measures Housing Rights Center was forced to undertake

19  to identify and counteract Defendants' discriminatory practices, it was forced to delay,

20  suspend, or forgo other existing and planned programs or projects.  Defendants'

21  discriminatory conduct caused Housing Rights Center to forgo opportunities including:

22  conducting trainings for landlords, tenants, nonprofit organizations and governments

23  regarding fair housing; expanding its outreach program to include schools; developing a

24  media program to advertise on local radio stations; writing articles on fair housing,

25  developments in fair housing and Housing Rights Center's services for social service

26  agencies' newsletters and local and national media; applying for new grants and

27  funding sources; attending conferences; professional staff development; providing

28  additional landlord-tenant and fair housing counseling; monitoring additional properties

COMPLAINT FOR INJUNCTIVE, DELARATORY AND
                    MONETARY RELIEF

1   for compliance with fair housing laws and executing new fair housing advocacy

2   projects or investigations.  Despite this impact on Housing Rights Center's other

3   programs and services, it nevertheless devoted resources to these counteractive

4   measures because, if left unaddressed, Defendants' discriminatory policies would have

5   a significant harmful effect on Ms. Lopez, Housing Rights Center's mission, its

6   programs and activities and the communities and the constituents it serves.

7        48.     To address and attempt to counteract the effects of Defendants'

8   discriminatory conduct, Housing Rights Center engaged in, and will engage in, new and

9   additional community outreach and public efforts to raise awareness of discriminatory

10  practices related to national origin, familial status, race, alienage, ancestry and

11  perceived immigration status.  The diversion and expenditure of financial resources and

12  staff time, include, but are not limited to: time and costs associated with drafting and

13  distributing educational materials related to discrimination based on national origin and

14  immigration status; drafting and distributing postcards to inform residents of Villa

15  Caprice and nearby apartment complexes of the protections offered by fair housing laws

16  including discrimination based on national origin, immigration status and familial

17  status; mailing costs; revising presentations to include new and additional information

18  related to immigration status and familial status; planning for, drafting materials for and

19  providing trainings to non-profit organizations related to immigration status

20  discrimination; travel time and expenses; planning for, designing and implementing

21  staff training regarding immigration status discrimination to prepare for a possible

22  increase in counseling and investigation related to immigration status; planning for and

23  drafting media outreach related to immigration status discrimination; designing and

24  implementing social media related to immigration status discrimination; designing and

25  placing advertisements related to immigration status and national origin discrimination

26  and staff hours spent conducting outreach and education activities.  In addition to

27  implementing these counteractive measures, Plaintiffs were required to spend additional

28

1   time designing and preparing counteractive strategies specifically targeted toward

2   addressing the impact of Defendants' unlawful behavior.

3       49.     Until remedied, Defendants' unlawful, discriminatory actions will

4   continue to injure Housing Rights Center by, among other things:

5       a. interfering with its efforts and programs intended to bring about equal

6   opportunity in housing;

7       b. requiring the commitment of scarce resources, including substantial staff time

8   and resources, to counteract Defendants' discriminatory conduct, thus diverting

9   resources away from Housing Rights Center's usual programs and activities, such as

10  education, outreach, and counseling;

11      c. frustrating Housing Rights Center's mission and purpose of promoting the

12  equal availability of housing to all persons without regard to any protected category,

13  including national origin, familial status, race, alien status, ancestry and perceived

14  immigration status; and,

15      d. frustrating Housing Rights Center's mission and purpose of promoting

16  integration and eliminating segregation in the communities Housing Rights Center

17  serves.

18      50.     Defendants, acting individually and in concert with others, directly and

19  through their agents, have engaged in a pattern or practice of discrimination based on

20  national origin, race, familial status, alien status, ancestry and/or perceived immigration

21  status in the operation of Villa Caprice Apartments.  Defendants have pursued this

22  pattern or practice of discrimination because of national origin, familial status, race,

23  alienage, ancestry and/or perceived immigration status for the purpose or with the effect

24  of excluding Latinos, families with children and people perceived as undocumented

25  from residing at Villa Caprice Apartments or subjecting them to different and

26  discriminatory terms and conditions.

27

28

51.     Due to Defendants' unlawful acts and practices, Ms. Lopez suffered a violation of her civil rights, emotional and physical distress, humiliation and mental anguish, including bodily injury such as headaches, stomachaches and loss of sleep.

52.     In doing the acts of which Plaintiffs complains, Defendants and their agents and employees acted with oppression, fraud and malice, and with wanton and conscious and/or reckless disregard of the rights of Plaintiffs.

53.     There now exists an actual controversy between the parties regarding Defendants' duties under the federal and state fair housing laws.

54.     Unless enjoined, Defendants will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.  Plaintiffs have no adequate remedy at law.  Plaintiffs are now suffering and will continue to suffer irreparable injury from Defendants' acts and their pattern or practice of discrimination unless relief is provided by this court.

## V.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

[Federal Fair Housing Act]

*42 U.S.C. § 3601 et seq.*

(All Plaintiffs v. All Defendants)

55.     Plaintiffs herein allege and incorporate by reference all the preceding paragraphs in this complaint as if fully set forth herein.

56.     Defendants injured Plaintiffs in violation of the Fair Housing Act by:

a.      Otherwise making housing unavailable because of national origin and/or familial status in violation 42 U.S.C. § 3604(a);

b.      Discriminating in the terms, conditions, or privileges of sale or rental of a dwelling based on national origin and/or familial status in violation of 42 U.S.C. § 3604(b);

COMPLAINT FOR INJUNCTIVE, DELARATORY AND MONETARY RELIEF

1     c.     Making statements with respect to the rental of a dwelling which indicated

2 a preference, limitation, or discrimination based on national origin and/or familial status

3 in violation of 42 U.S.C. § 3604(c); and

4     d.     Interfering in the exercise or enjoyment of, or on account of having

5 exercised or enjoyed, or on account of his having aided or encouraged any other person

6 in the exercise or enjoyment of rights guaranteed by the Fair Housing Act in violation

7 of 42 U.S.C. § 3617.

8                     SECOND CLAIM FOR RELIEF

9             [Section 1981 of the Civil Rights Act of 1866]

10                    *42 U.S.C. § 1981*

11         (Plaintiff Candelaria Lopez v. All Defendants)

12     57.     Plaintiff herein alleges and incorporates by reference paragraphs 1

13 through 54 as if fully set forth herein.

14     58.     Plaintiff is a person within the jurisdiction of the United States.

15     59.     Plaintiff is an alien.

16     60.     Defendants' discrimination is in violation of the rights of Plaintiff

17 afforded to her under the Civil Rights Act of 1866, 42 U.S.C. § 1981, as amended by

18 the Civil Rights Act of 1991.

19     61.     Defendants intentionally deprived Plaintiff of the same rights as are

20 enjoyed by white citizens to the making, performance, enjoyment and all benefits and

21 privileges of the contractual relationship with Defendants because of alienage and/or

22 race in violation of 42 U.S.C. § 1981.

23     62.     Defendants' intentional discrimination against Plaintiff has interfered

24 with her right to make and enforce housing contracts.

25 //

26 //

27 //

28 //

## C. THIRD CLAIM FOR RELIEF

[California Fair Employment and Housing Act]

*Cal Gov't Code § 12927 et seq.*

(All Plaintiffs v. All Defendants)

63.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 54 of the complaint as if fully set forth herein.

64.  Defendants injured Plaintiffs in violation of the California Fair Employment and Housing Act by committing the following discriminatory housing practices:

A.     Discriminating because of national origin, ancestry and/or familial status in violation of California Government Code § 12955(a);

B.     Making, printing, or publishing or causing to be made, printed or published any notice, statement or advertisement that indicates any preference, limitation, or discrimination based on national origin, ancestry and/or familial status in violation of California Government Code § 12955(c);

C.     Discriminating based on national origin, ancestry, familial status and/or perceived immigration status in violation of California Government Code § 12955(d);

D.     Otherwise making unavailable or denying a dwelling based on discrimination because of national origin, ancestry and/or familial status in violation of California Government Code § 12955(k); and

E.     Interfering in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of rights guaranteed by the Fair Employment and Housing Act, in violation of California Government Code § 12955.7.

//

//

//

COMPLAINT FOR INJUNCTIVE, DELARATORY AND MONETARY RELIEF

D. FOURTH CLAIM FOR RELIEF

[California Unruh Civil Rights Act]

*Cal. Civ. Code § 51 et seq,*

(Plaintiff Candelaria Lopez v. All Defendants)

65.  Plaintiff realleges and incorporates by reference paragraphs 1 through 54 of the complaint herein.

66.  Villa Caprice Apartments is a business establishment.

67.  Defendants have violated Plaintiff's right to fair and equal housing under the Unruh Civil Rights Act, California Civil Code § 51 et seq. in that Defendants discriminated against her in the operation of Villa Caprice Apartments, a business establishment, because of ancestry, national origin, perceived immigration status and/or familial status.

68.  Pursuant to the Unruh Civil Rights Act, Plaintiff is entitled to statutory damages, among other remedies, of up to three times their actual damages as determined by the trier of fact.

E.  FIFTH CLAIM FOR RELIEF

[Negligence]

(Plaintiff Candelaria Lopez v. All Defendants)

69.  Plaintiff realleges and incorporates by reference paragraphs 1 through 54 of the complaint herein.

70.  Defendants owed Plaintiff a duty to operate Villa Caprice Apartments in a manner that was free from unlawful discrimination, and to hire, train, supervise and discipline their employees and each other to fulfill that duty.  Defendants negligently violated that duty by discriminating because of national origin, familial status, race, alienage, ancestry and/or perceived immigration status.  Defendants' violation of that duty was the result of negligence, including but not limited to:

A.    Defendants' negligent failure to train their employees, agents, and each other regarding the requirements of state and federal fair housing laws;

COMPLAINT FOR INJUNCTIVE, DELARATORY AND MONETARY RELIEF

1    B.      Defendants' negligent failure to hire persons who were familiar with the

2    requirements of state and federal fair housing laws;

3    C.      Defendants' negligent failure to supervise their employees or agents

4    regarding compliance with the requirements of state and federal fair housing laws;

5    D.      Defendants' negligent failure to discipline or terminate employees who

6    failed to comply with the requirements of state and federal fair housing laws; and,

7    E.      Defendants' negligent failure to operate the subject property in

8    conformity with accepted industry custom and standards.

9    71.  As a legal result of Defendants' negligent conduct, Plaintiff suffered

10   humiliation, mental anguish, severe emotional distress and severe personal injury,

11   including bodily injury such as headaches, stomachaches and loss of sleep, and other

12   special and general damages according to proof.

13                                  VI. RELIEF

14   Wherefore, Plaintiffs pray for the following relief:

15   1.      Permanently enjoin all unlawful practices alleged in this complaint and

16   impose injunctive relief prohibiting Defendants, their partners, agents, employees,

17   assignees, and all persons acting in concert or participating with them, from violating

18   the unlawful practices alleged herein;

19   2,      Enter a permanent injunction directing Defendants and their directors,

20   officers, agents, and employees to take all affirmative steps necessary to remedy the

21   effects of the illegal, discriminatory conduct described herein and to prevent similar

22   occurrences in the future;

23   2.      The Court declare that defendants have violated the provisions of

24   applicable federal and state laws;

25   3.      The Court award compensatory and punitive damages to Plaintiffs

26   according to proof;

27

28

1        4.      The Court award up to three times the amount of actual damages for

2   Plaintiff Candelaria Lopez against Defendants pursuant to the Unruh Civil Rights

3   Act;

4        5.      The Court grant reasonable attorneys' fees and costs of the suit to

5   Plaintiffs; and,

6        6.      The Court grant all such other relief as the Court deems just.

7                                          Respectfully Submitted,

8                                          D. SCOTT CHANG
                                           AZADEH HOSSEINIAN
9                                          HOUSING RIGHTS CENTER

10                                         By   /s/ D. Scott Chang
                                                D. Scott Chang
11
                                           Attorneys for Plaintiffs Housing Rights
12                                         Center and Candelaria Lopez

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR INJUNCTIVE, DELARATORY AND
                 MONETARY RELIEF