UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8560 PA (AGRx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Southern California Housing Rights Center, Inc., et al. v. Villa Caprice, L.P., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court is a Motion Pursuant to FRCP 12(b)(6) to Dismiss Second Cause of Action in Plaintiffs' Complaint (Docket No. 21) filed by defendants Villa Caprice, L.P. and Thomas Martin ("Martin," and with Villa Caprice, L.P., "Defendants"). Plaintiffs Southern California Housing Rights Center, Inc. ("SCHRC") and Candelaria Lopez ("Lopez," and with SCHRC, "Plaintiffs"), filed an opposition (Docket No. 24), and Defendants filed a reply (Docket No. 25). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for February 26, 2018, is vacated, and the matter taken off calendar.

**I.      Background**

Plaintiffs filed their complaint on November 27, 2017, asserting causes of action for: (1) violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq.; (2) violation of section 1981 of the Civil Rights Act, 42 U.S.C. § 1981; (3) violation of the California Fair Employment and Housing Act, Cal. Gov't Code § 12900 et seq.; (4) violation of the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq.; and (5) negligence. (Docket No. 1, ¶¶ 55-71.) All causes of action are asserted against both Defendants. The first and third causes of action are asserted by both Plaintiffs, and the others are asserted only by Lopez. Defendants filed their motion to dismiss on January 18, 2018, challenging the legal sufficiency of only the second cause of action.

Plaintiffs allege the following: Villa Caprice, L.P. owns and operates Villa Caprice Apartments, a multifamily residential property containing 82 two-bedroom apartments. (Compl. ¶ 12.) Since May 2016, Martin has been the on-site manager, making him responsible for the property's day-to-day management. (Id. ¶ 13.) Lopez lives at Villa Caprice Apartments with her two sons and her sons' father, Eligio Duran Nunez ("Nunez"), and has lived there since 2008. (Id. ¶¶ 10, 15.) Lopez is Latina. (Id.)

Following a request for a meeting from Martin to Nunez, Nunez and Lopez both met with Martin on May 15, 2017. (Compl. ¶ 19.) Martin told them that the Social Security number that Nunez provided on their original lease agreement nine years prior was invalid, and that Nunez was a criminal for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8560 PA (AGRx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Southern California Housing Rights Center, Inc., et al. v. Villa Caprice, L.P., et al. | | |

providing an invalid number. (Id.) Martin told Nunez that he had 30 days to provide a valid Social Security number or his family would have to vacate the property. (Id.) On May 18, 2017, Lopez asked for and received an extension of time to move out, until August 31, 2017. (Id. ¶¶ 21-22.) On July 3, 2017, Martin served Lopez and Nunez with a formal 60-day notice to quit on or before September 1, 2017. (Id. ¶ 22.) Lopez attempted to discuss the notice with Martin, but he refused. (Id. ¶ 23.)

Plaintiffs allege that Defendants do not have a legitimate reason for requiring a Social Security number, as Lopez's family was screened nine years ago and has lived at Villa Caprice Apartments since then as reliable tenants in good standing. (Compl. ¶ 25.) Plaintiffs further allege that "[Martin] asked another long-standing Latina tenant to provide a valid Social Security number or move from Villa Caprice Apartments" but that "[o]n information and belief, no non-Latino households were asked to leave Villa Caprice Apartments because they did not have a valid Social Security number." (Id. ¶ 29.) Plaintiffs also allege that "[o]n various occasions since 2016, [Martin] made statements indicating that he did not want Latinos, undocumented immigrants and/or families with children residing at Villa Caprice Apartments." (Id. ¶ 26.) For example, "[a] Latino tenant stated that when he approached [Martin] in August 2016 about amending the lease agreement to include him as an occupant, the manager initially responded that he would not add him to the lease because the tenant '[did not] have papers' and he '[does not] like illegals' or words to that effect." (Id. ¶ 27.) As another example, the complaint alleges that "[a]nother tenant stated that [Martin] told him that there are 'too many Mexican kids living here and a lot of them are scumbags' or words to that effect." (Id. ¶ 28.)

After Lopez made a complaint to SCHRC, SCHRC began investigating whether discrimination was occurring at Villa Caprice Apartments. (Compl. ¶ 39.) SCHRC conducted surveys of tenants on the treatment of Latino tenants at the property, which is alleged to have "led to evidence substantiating the allegations of discrimination" described in the complaint. (Id. ¶ 40.) SCHRC also had three callers inquire about the availability of apartments for rent at the property. (Id. ¶¶ 41-44.) Martin told two callers that one apartment was available but told the third, "a Latina tester with a heavy Latina accent," that an apartment was available but that he had already received applications. (Id.)

**II.     Legal Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the Federal Rules of Civil Procedure ("Rules") allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8560 PA (AGRx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Southern California Housing Rights Center, Inc., et al. v. Villa Caprice, L.P., et al. | | |

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of [a] claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." Twombly, 550 U.S. at 561 (second alteration in original) (quoting Conley). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); see also Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." (quoting Burgert v. Lokelani Bernice Pauahi Bishop Tr., 200 F.3d 661, 663 (9th Cir. 2000))). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

**III. Discussion**

    **A.    42 U.S.C. § 1981**

Section 1981 provides that "[a]ll persons . . . shall have the same right in every State and Territory to [among other things] make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). "In order to establish a claim under section 1981, a plaintiff must establish that (1) he or she is a member of a racial minority; (2) the defendant intended to discriminate against plaintiff on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., the right to make and enforce contracts . . .)." Peterson v. State of Cal. Dep't of Corr. & Rehab., 451 F. Supp. 2d 1092, 1101 (E.D. Cal. 2006) (citing Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993)); see Keum v. Virgin Am. Inc., 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011).

As to the first requirement, section 1981 protects against discrimination on the basis of race, ethnic characteristics, and alienage, but not gender, religion, disability, age, or political affiliation. See Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 613, 107 S. Ct. 2022, 95 L. Ed. 2d 582 (1987); Sagana v. Tenorio, 384 F.3d 731, 738-40 (9th Cir. 2004).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8560 PA (AGRx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Southern California Housing Rights Center, Inc., et al. v. Villa Caprice, L.P., et al. | | |

  As to the second requirement, a violation of section 1981 requires <u>intentional</u> discrimination. <u>Evans v. McKay</u>, 869 F.2d 1341, 1344 (9th Cir. 1989); see <u>Gen. Bldg. Contractors Ass'n, Inc. v. Pennsylvania</u>, 458 U.S. 375, 391, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982) (stating that section 1981 "can be violated only by purposeful discrimination"). "Mere conclusory allegations of intentional discrimination will not suffice. Rather, Plaintiff must allege some facts that plausibly give rise to an inference that race was the reason for Defendant's actions." <u>Gray v. Apple Inc.</u>, No. 16-cv-04421-HSG, 2017 WL 1709327, at *3 (N.D. Cal. May 3, 2017) (citation omitted). However, "[i]ntent may be proven directly or indirectly through circumstantial evidence." <u>Shah v. Cnty. of L.A. Dep't of Health Servs.</u>, No. CV 06-7446 CAS (CWx), 2008 WL 2676533, at *13 (C.D. Cal. July 1, 2008), <u>aff'd</u>, 399 F. App'x 305 (9th Cir. 2010); see <u>Fu-Gen, Inc. v. L.A. Cmty. College Dist.</u>, No. CV 12-03229 GAF (SSx), 2012 WL 13013040, at *5 (C.D. Cal. Aug. 10, 2012).

  Finally, for the third requirement, the "term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). The statute "protects the would-be contractor along with those who already have made contracts," and its scope also encompasses "postformation conduct, including discriminatory termination." <u>Domino's Pizza, Inc. v. McDonald</u>, 546 U.S. 470, 476-77, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006).

  **B.**  **Analysis**

  Defendants argue that the complaint fails to state a claim under section 1981 because it fails to allege any actual acts of unlawful discrimination, asserting that there is no allegation that residents of other races or alienage were not also audited for valid Social Security numbers and that Plaintiffs' belief that this did not occur is insufficient. (Mot. at 6; Reply at 2-3.) Defendants also argue that the complaint does not allege facts showing that the demand for a Social Security number was unreasonable or actually motivated by race- or alienage-based animus. (Mot. at 6; <u>see also</u> Reply at 2-3.) Defendants contend that it was reasonable to demand a Social Security number for multiple reasons, including screening residents. (Mot. at 6-7, 8.) In their reply, Defendants contend that they were deprived of the opportunity to screen Lopez and her family when their residence began due to the incorrect Social Security numbers provided. (Reply at 2.) Defendants also contend that the complaint lacks sufficient, plausible allegations of racial animus. (Mot. at 7-8.) Lastly, Defendants further argue that Plaintiffs inadequately alleged that Lopez herself was discriminated against. (Reply at 3-4.)

  The complaints' allegations are sufficient to state a claim under section 1981. First, the complaint alleges that Lopez is Latina, satisfying the first element for a section 1981 claim. See <u>Keum</u>, 781 F. Supp. 2d at 954; <u>Peterson</u>, 451 F. Supp. 2d at 1101; <u>see also</u> <u>Fonseca v. Sysco Food Servs. of Ariz., Inc.</u>, 374 F.3d 840, 850 (9th Cir. 2004).

  Second, the complaint sufficiently alleges that Defendants intended to discriminate against Lopez on the basis of her race, ethnicity, or alienage. See <u>Keum</u>, 781 F. Supp. 2d at 954; <u>Peterson</u>, 451 F.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-8560 PA (AGRx) | Date | February 23, 2018 |
|---|---|---|---|
| Title | Southern California Housing Rights Center, Inc., et al. v. Villa Caprice, L.P., et al. | | |

Supp. 2d at 1101. The complaint alleges that Defendants attempted to force Lopez and Nunez to leave their apartment of nine years after they failed to provide valid Social Security numbers, a requirement that allegedly was imposed on at least one other longstanding Latina resident but not on any non-Latino households. (Compl. ¶¶ 19-29.) As noted above, a plaintiff may rely on circumstantial evidence to establish intent. Defendants' alleged intent to discriminate against Lopez on the basis of her race or alienage also finds some support in the allegations of Martin's derogatory remarks and the different manner in which he told test callers about apartment availability based on their accents.

Defendants' arguments about reasonable bases for requiring Social Security numbers from residents may provide a valid defense at a later stage in this litigation, but they do not provide grounds for dismissal. See DeHorney v. Bank of Am. Nat'l Tr. & Sav. Ass'n, 879 F.2d 459, 467 (9th Cir. 1989) (explaining that after the plaintiff establishes a prima facie case of disparate treatment, the burden shifts to the defendant to articulate legitimate, nondiscriminatory reasons for its actions); see also Starr v. Baca, 652 F.3d 1202, 1216-17 (9th Cir. 2011) ("If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)."). At this stage, Plaintiffs' allegations of discrimination and intent are sufficient.

Finally, the section 1981 cause of action is based on discrimination concerning the making or termination of a contract. "Section 1981 (a)'s protection of the right 'to make and enforce contracts' encompasses a discrimination claim related to the leasing of rental property." Smith v. Heritage Ranch Owners Assoc., No. CV 09-5198-CW, 2010 WL 11459833, at *5 (C.D. Cal. Jan. 26, 2010) (collecting cases), subsequent disposition aff'd, 655 F. App'x 567 (9th Cir. 2016). Plaintiffs' section 1981 cause of action relates to Defendants' alleged efforts to terminate Lopez's and Nunez's lease agreement. The third element for a section 1981 claim therefore is satisfied.

### Conclusion

For all of the foregoing reasons, the Court denies Defendants' Motion Pursuant to FRCP 12(b)(6) to Dismiss Second Cause of Action in Plaintiffs' Complaint. Defendants shall file an Answer no later than March 9, 2018.

IT IS SO ORDERED.